ACCEPTED
12-14-00260-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/7/2015 3:14:19 PM
Pam Estes
CLERK

In The
Court of Appeals
For The
Twelfth District of Texas

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
10/7/2015 3:14:19 PM
PAM ESTES
Clerk

NO. 12-14-00260-CV

Nac Tex Hotel Co., Inc., *Appellant-Plaintiff*

v.

Stephen Greak, Dee Winston, and E&G Investments, *Appellees-Defendants*

On Appeal from the 159th District Court
Angelina County, Texas
Trial Court Cause No. CV-01824-12-10

## APPELLANT'S MOTION FOR REHEARING

Donald H. Grissom
don@gandtlaw.com
State Bar No. 08511550
509 West 12th Street
Austin, Texas 78701
(512) 478-4059
(512) 482-8410 fax

ATTORNEY FOR APPELLANT

1

In The
Court of Appeals
For The
Twelfth District of Texas

NO. 12-14-00260-CV

Nac Tex Hotel Co., Inc., *Appellant-Plaintiff*

v.

Stephen Greak, Dee Winston, and E&G Investments, *Appellees-Defendants*

On Appeal from the 159th District Court
Angelina County, Texas
Trial Court Cause No. CV-01824-12-10

**APPELLANT'S MOTION FOR REHEARING**

TO THE HONORABLE TWELFTH COURT OF APPEALS:

Appellant Nac Tex Hotel Co., Inc., ("Appellant") files this, its Motion for Rehearing of the Court's Memorandum Opinion dated September 23, 2015. In support of its motion, Appellant respectfully shows the Court the following:

**I.      INTRODUCTION**

This action is one for Trespass to Try Title under Chapter 22 of the Texas Property Code and Rule 783 et seq. of the Texas Rules of Civil

Procedure involving a piece of property (.054 acres/2,352 sq.ft.) located between a Kentucky Fried Chicken and a Valero gas station (CR 21).

By this Motion for Rehearing, Appellant, Nac Tex Hotel Co., Inc., asks this Court to revisit its decision to affirm the Trial Court jury's finding that Appellant did not hold the property in adverse possession for the ten-year limitations period. Rehearing is appropriate in this litigation because the Court's ruling neglects critical evidence presented and has a dispositive effect. For that reason, Appellant urges the panel to consider the following argument.

## II. PROCEDURAL BACKGROUND

Appellant, Nac Tex Hotel Co., Inc. filed suit to try title and for injunction on October 22, 2012 (CR 14). After a jury trial on the merits on June 3, 2014, the trial court submitted the case to the jury. The jury found that Appellant did not adversely possess the property for a period of ten (10) or twenty-five (25) years, the Appellant filed the suit in bad faith, and the Appellees should be awarded attorney's fees (CR 62). The trial court signed a judgment for Appellees on June 23, 2014 (CR 79). On June 16, 2015, this Court heard oral argument. The Opinion of this Court was issued on September 23, 2015, modifying the trial court's judgment to remove the finding of bad faith and the award of attorney's fees, but affirming the

remainder of the judgment. Plaintiff now appeals from that Opinion.

## II.     ARGUMENT

The dispositive issues stated by this Court for its finding that Appellant did not meet the ten-year statutory requirements for adverse possession is that Appellant lacked the intent for its possession to be hostile, and that it had an opportunity to purchase the property but chose not to.

Nowhere in the record is there any evidence that Temple offered to sell Appellant the disputed Property in 2007. This never occurred. The only testimony regarding purchasing the disputed property occurred in 2012 when Appellees offered to sell the Property for $25,000. (Supp. RR. Vol. 1 P. 108).

Since Appellant bought its property in 1988 (CR 137) and already had possession of the disputed Property, the ten-year limitations period expired in 1998. Even if Appellant had been afforded the opportunity to purchase the tract, it is inconsequential to the ten-year limitations period. It should further be noted that because Parmalee testified she always thought she owned the Property (Supp. RR Vol. 1 P. 84, 117, 126, 129, 144 173-174), any offer to sell the adjacent tract, in her mind, would not have included the disputed Property.

Appellant argues that Parmalee's statement that she would never take

4

anything from the prior owner of the Property (Supp. RR Vol 1 P. 136) does not create a fact issue regarding Appellant's intent to claim the property. This statement from the record is misconstrued by the Appellees to be a judicial admission, however, when the quote is placed in context, it is clear that Parmalee was stating her intentions as to theft from Temple, not her lack intent to claim the Property. Appellant clearly intended to claim the Property as is shown through Pamalee's testimony regarding her intent when questioned by Appellees' counsel.

> Q. You know that doesn't have anything to do with whether or not you knew he was getting his land, did he?
> A. No, but he's a very smart man. Arthur Temple is a very smart man. We all know that.
> Q. That's right. You [never] discussed it, did you?
> A. Uh-huh.
> Q. Okay.
> A. Because I didn't think there was anything to discuss with him. I wouldn't never intentionally take anything from that man.
> Q. Well, it didn't matter because never looked at the plat, you never been to a closing, you never read your deed, you didn't know what you owned.
> A. No, and, you know—I didn't. And maybe Arthur—
> Q. I know.
> A. I mean, I knew. I in my mind I owned that property.
> Q. Okay.
> A. Okay. I owned that property.
> Q. But you never told anybody?
> A. I told everybody. I mean, who was [I] supposed to tell? Am I supposed to go hey—you know, I

> mean, I told, you know, <u>everybody knew I owned the property.</u> I don't know who you're talking about.

(Supp. RR Vol 1 P. 136-137)

The evidence is overwhelming that when Appellant acquired the Property in 1981, it had every intention to claim the disputed tract where Appellant and its predecessor in title had made improvements. Parmalee, testified multiple times that she claimed that disputed Property because her dad built the bridge (Supp. RR Vol. 1 P. 52); the bridge on the disputed Property belonged to her company and always has (Supp. RR Vol. 1 P. 117, 144 173-174); she believed the tract was included in her deed (Supp. RR Vol. 1 P. 84, 129); she believes her company is the rightful owner of the Property (Supp. RR Vol. 1 P. 126, 129); it would hurt the business if the Property in controversy was not claimed and used (Supp. RR Vol. 1 P. 94-101, 118) and the property was improved for the benefit of the Appellant and its customers (Supp. RR Vol. 1. P. 118).

The case at hand closely follows *Calfee v. Duke,* 544 S.W.2d 640 (Tex. 1976). In *Calfee,* the adverse claimant claimed property that he believed he was included in his deed when the property was transferred to him from his parents. *Id.* at 641. This is the same as the overwhelming and repeated testimony of Parmalee. (Supp. RR Vol. 1 P. 84, 117, 126, 129, 144

173-174). Also, *Calfee's* intent to claim the land was brought to question when he testified that he, "was not claiming it against anybody", because he thought he owned it. *Id.* at 641. The testimony of Parmalee is the same. She states she would not have taken the Property from Temple, but that she didn't have to because she believed that she already owned it. (Supp. RR Vol 1 P. 136-137).

The court in *Calfee* held that his claim of right, coupled with the actual and visible possession and use, cannot be defeated by his lack of knowledge of the deficiency of his title or the possibility that there may be other claimants. *Id.* at 642. The only intent that is required is the intent to claim the land, not intent to take the land belonging to another. Clearly, the evidence shows that Appellant intended to claim the land, it was merely mistaken about who actually held title to the Property.

## III. CONCLUSION

Temple never offered to sell the property to Appellant in 2007, but even if Temple had offered, the ten-year statute of limitations had run. Also, the evidence clearly shows that Appellant possessed the requisite intent to claim the property as its own, even if it had the mistaken belief that the property already belonged to it.

## IV. PRAYER

7

Appellant respectfully requests that this Court reverse its Opinion of September 23, 2014, as to the ten-year possession statute, grant Appellant a new hearing, and such other and further relief, at law or equity, to which it may be justly entitled.

Respectfully submitted,

/s/DonaldHGrissom
**Donald H. Grissom**
don@gandtlaw.com
GRISSOM & THOMPSON, LLP
TX State Bar No. 08511550
William W. Thompson, III
TX State Bar No. 19960050
509 West 12th Street
Austin, Texas 78701
512/478-4059
512/482-8410 Fax
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in compliance with Texas Rules of Appellate Procedure, via facsimile, electronic case filing, or certified mail return receipt requested, on October 7, 2015.

/s/DonaldHGrissom
Donald H. Grissom

## CERTIFICATE OF COMPLIANCE

I hereby certify on this date that the foregoing document contains 1,490 words.

/s/DonaldHGrissom
Donald H. Grissom